IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 22-465 |
| v. | : | DATE FILED: June 29, 2023 |
| JOHN FRANCES GRIFFIN<br>a/k/a "Jack Griffin" | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud - 7 counts) |
| | : | 18 U.S.C. § 1341 (mail fraud – 2 counts)<br>26 U.S.C. § 7201 (tax evasion – 3 counts) |
| | : | Notice of forfeiture |

## SUPERSEDING INDICTMENT

## COUNTS ONE THROUGH SEVEN

**THE GRAND JURY CHARGES THAT:**

At times material to this superseding indictment:

1. Defendant JOHN FRANCES GRIFFIN was the principal and founder of Second Story Farming, Inc. (d/b/a Metropolis Farms), a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

2. Second Story Farming purported to be in the business of developing and manufacturing sustainable vertical farming technologies.

3. Swanson Farms, LLC was an entity owned by Persons #1, #2, and #3, known to the grand jury, looking to own and operate a vertical farm in Philadelphia, Pennsylvania.

4. In or about May 2016, defendant JOHN FRANCES GRIFFIN met with the owners of Swanson Farms, LLC to discuss the creation of what would become Swanson

Farms, LLC, an indoor vertical farm. Over the course of the next four months, defendant GRIFFIN sent the owners of Swanson Farms various financial and practical projections.

5. On or about July 6, 2017, defendant JOHN FRANCES GRIFFIN signed an operation agreement with Sved Swanson Ventures LLC. Under the terms of this agreement, the company would be known as Swanson Farms LLC. According to the agreement, the owners of Swanson Farms would put up $500,000 in working capital, and defendant GRIFFIN would use his knowledge, technical support, and expertise to construct, operate, and lease an urban vertical farm. The agreement provided that defendant GRIFFIN could not take a salary or draw until the revenues from Swanson Farms LLC repaid the $500,000 the owners had put up as working capital.

6. Between on or about April 15, 2017, through on or about December 8, 2017, the owners of Swanson Farms paid defendant JOHN FRANCES GRIFFIN approximately $380,000 for equipment and services to create an indoor vertical farm in Philadelphia, Pennsylvania.

7. Defendant JOHN FRANCES GRIFFIN never used the money Swanson Farms paid to him to purchase equipment for Swanson Farms.

8. The Reed Foundation was a charitable organization set up to benefit individuals on the autism spectrum. Defendant JOHN FRANCES GRIFFIN told the Reed Foundation that he could set up a vertical farm for the Reed Foundation.

9. Reed Next, Inc. was an entity created by the Reed Foundation to assist adults with autism to learn, live, and work in the community.

10. Greens for Good was an entity formed by the Reed Foundation as a for-profit business to provide healthy foods, create food literacy for schools, and to provide jobs for individuals on the autism spectrum.

11. On or about February 20, 2017, Reed Next, Inc./Greens for Good, signed a contract with Second Story Farming to invest $380,000 from a New Jersey Public Health Grant to purchase equipment, supplies, and training from Second Story Farming. Pursuant to the agreement, defendant JOHN FRANCES GRIFFIN's company, Metropolis Farms, was to provide a proprietary, turn-key vertical farm.

12. From on about March 29, 2017, through on or about June 30, 2017, Reed Next, Inc., paid defendant JOHN FRANCES GRIFFIN approximately $380,000 for equipment and services to develop an indoor vertical farm in Hackensack, New Jersey.

13. The contract between Reed Next and Second Story Farms called for Second Story Farms to deliver the items Reed Next purchased by June 2017. Reed Next had some delays preparing its facility. In or about August 2017, Reed Next informed defendant JOHN FRANCES GRIFFIN that it was ready for delivery of the equipment it had purchased.

14. On or about February 8, 2018, defendant JOHN FRANCES GRIFFIN delivered one HVAC unit, worth approximately $25,000 to Reed Next. Defendant GRIFFIN never purchased any other equipment for Reed Next and never delivered any other equipment to Reed Next.

**THE SCHEME**

15. From on or about February 20, 2017, to on or about May 5, 2018, defendant

3

**JOHN FRANCES GRIFFIN,**
a/k/a "Jack Griffin"

devised and intended to devise a scheme to defraud Swanson Farms, LLC and the Reed Next, Inc., and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

16. Defendant JOHN FRANCES GRIFFIN falsely represented to the owners of Swanson Farms and Reed Next, Inc./Greens for Good that he would purchase equipment for Swanson Farms and Reed Next, Inc./Greens for Good to set up indoor vertical farms.

17. Defendant JOHN FRANCES GRIFFIN falsely represented to the owners of Swanson Farms that he would not take a salary for his work with Swanson Farms.

18. Defendant JOHN FRANCES GRIFFIN sent invoices to Swanson Farms and Reed Next, Inc./Greens for Good for equipment to be delivered to Swanson Farms and Reed Next, Inc./Greens for Good.

19. Defendant JOHN FRANCES GRIFFIN obtained checks from Swanson Farms and Reed Next, Inc./Greens for Good to pay for equipment to be delivered to Swanson Farms and Reed Next, Inc./Greens for Good.

20. Defendant JOHN FRANCES GRIFFIN deposited the checks from Swanson Farms and Reed Next, Inc./Greens for Good into his account at Wells Fargo Bank, N.A., in Philadelphia, thereby causing Wells Fargo Bank, N.A., to transmit the image of those checks to servers outside of Pennsylvania.

21.   Defendant JOHN FRANCES GRIFFIN did not use the money he obtained from Swanson Farms and Reed Next, Inc./Greens for Good to purchase equipment for Swanson Farms and Reed Next, Inc./Greens for Good. Instead, defendant GRIFFIN used that money to operate his own business and to pay personal expenses.

22.   On or about each of the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN FRANCES GRIFFIN,**
a/k/a "Jack Griffin,"

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| One | June 20, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #112 from Reed Next Inc. in the amount of $100,000 |
| Two | June 23, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #113 from Reed Next Inc. in the amount of $100,000 |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Three | July 21, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #117 from Reed Next Inc. in the amount of $80,000 |
| Four | September 15, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #109 from Swanson Farms in the amount of $139,811.12 |
| Five | November 1, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #107 from Swanson Farms in the amount of $60,000 |
| Six | November 6, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #108 from Swanson Farms in the amount of $45,446.18 |
| Seven | December 8, 2017 | Electronic image transmitted by Wells Fargo Bank in Philadelphia, Pennsylvania, to a processing server for Wells Fargo Bank located outside of Pennsylvania, transmitting an electronic image of check number #1010 from Swanson Farms in the amount of $121,934 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS EIGHT AND NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 of Counts One through Seven are realleged here.

2. From on or about February 20, 2017, to on or about May 5, 2018, defendant

**JOHN FRANCES GRIFFIN,**
a/k/a "Jack Griffin,"

devised and intended to devise a scheme to defraud Reed Next, Inc./Greens for Good, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. Defendant JOHN FRANCES GRIFFIN falsely represented to the owners of Reed Next, Inc./Greens for Good that he would purchase equipment for Reed Next, Inc./Greens for Good to set up an indoor vertical farm.

4. Defendant JOHN FRANCES GRIFFIN sent invoices to Reed Next, Inc./Greens for Good for equipment to be delivered to Reed Next, Inc./Greens for Good.

5. Defendant JOHN FRANCES GRIFFIN obtained checks by mail from Reed Next, Inc./Greens for Good to pay for equipment to be delivered to Reed Next, Inc./Greens for Good.

6. Defendant JOHN FRANCES GRIFFIN did not use the money he obtained from Reed Next, Inc./Greens for Good to purchase equipment for Reed Next, Inc./Greens for

Good. Instead, defendant GRIFFIN used that money to operate his own business and to pay personal expenses.

7. On or about each of the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN FRANCES GRIFFIN,**
a/k/a "**Jack Griffin**,"

for the purpose of executing the scheme described above, knowingly caused to be delivered by mail according to the directions thereon, the items described below, each mailing constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Eight | June 23, 2017 | Mailing of check number #113 from Reed Next, Inc. in the amount of $100,000 from New Jersey to Pennsylvania |
| Nine | July 21, 2017 | Mailing of check number #117 from Reed Next, Inc. in the amount of $80,000 from New Jersey to Pennsylvania |

All in violation of Title 18, United States Code, Section 1341.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 of Counts One through Seven are realleged here.

2. The Internal Revenue Service ("IRS") was an agency within the United States Department of the Treasury responsible for administering and enforcing the tax laws and regulations of the United States.

3. Defendant JOHN FRANCES GRIFFIN has not filed an individual income tax return since at least calendar year 2013 and has not paid any taxes on his income.

4. Defendant JOHN FRANCES GRIFFIN received at least $126,000 in gross income from his work for Second Story Farming, Inc. (d/b/a Metropolis Farms) during calendar year 2016.

5. During calendar year 2016, defendant

**JOHN FRANCES GRIFFIN,**
a/k/a "Jack Griffin,"

a resident of Philadelphia, Pennsylvania, received taxable income, upon which there was substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 18, 2017, as required by law, to any proper officer of the IRS, and failing to pay the income tax to the IRS, defendant GRIFFIN from on or about January 1, 2016, through on or about April 18, 2017, in the Eastern District of Pennsylvania and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for calendar year 2016 by committing the following affirmative acts, among others:

  (a) paying personal expenses from business bank accounts;

  (b) transferring funds from business bank accounts to his wife's accounts; and

  (c) withdrawing cash from business bank accounts.

In violation of Title 26, United States Code, Section 7201.

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 of Counts One through Seven, and Paragraphs 2 through 3 of Count Ten are realleged here.

2. Defendant JOHN FRANCES GRIFFIN received at least $210,000 in gross income from his work for Second Story Farming, Inc. (d/b/a Metropolis Farms) during calendar year 2017.

3. During calendar year 2017, defendant

**JOHN FRANCES GRIFFIN,**
**a/k/a "Jack Griffin,"**

a resident of Philadelphia, Pennsylvania, received taxable income, upon which there was substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 17, 2018, as required by law, to any proper officer of the IRS, and failing to pay the income tax due to the IRS, defendant GRIFFIN, from on or about January 1, 2017, through on or about April 17, 2018, in the Eastern District of Pennsylvania, and elsewhere willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2017 by committing the following affirmative acts, among others:

(a) paying personal expenses from business bank accounts;

(b) transferring funds from business bank accounts his wife's accounts; and

(c) withdrawing cash from business bank accounts.

11

In violation of Title 26, United States Code, Section 7201.

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 14 of Counts One through Seven, and Paragraphs 2 through 3 of Count Ten are realleged here.

2. Defendant JOHN FRANCES GRIFFIN received at least $84,000 in gross income from his work for Second Story Farming, Inc. (d/b/a Metropolis Farms) during calendar year 2018.

3. During calendar year 2018, defendant

**JOHN FRANCES GRIFFIN,**
**a/k/a "Jack Griffin,"**

a resident of Philadelphia, Pennsylvania, received taxable income, upon which there was substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2019, as required by law, to any proper officer of the IRS, and failing to pay the income tax to the IRS, defendant GRIFFIN, from on or about January 1, 2018, through on or about April 15, 2019, in the Eastern District of Pennsylvania and elsewhere willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2018 by committing the following affirmative acts, among others:

    (a) paying personal expenses from business bank accounts;

    (b) transferring funds from business bank accounts to his wife;

    (c) depositing checks made payable to Second Story into a bank account in the name of a different entity he controlled;

   (d) transferring funds from business bank accounts to an account in the name of a different entity he controlled; and

   (e) withdrawing cash from business bank accounts.

In violation of Title 26, United States Code, Section 7201.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1341 and 1343, as set forth in Counts One through Nine of this superseding indictment, defendant

**JOHN FRANCES GRIFFIN,**
a/k/a "Jack Griffin,"

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, at least the sum of $760,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

███████████████

GRAND JURY FOREPERSON

*Christine E. Ayles for*

**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

v.

JOHN FRANCES GRIFFIN, a/k/a "Jack Griffin"

SUPSERSEDING INDICTMENT

Counts
**18 U.S.C. § 1343 (wire fraud - 7 counts)
18 U.S.C. § 1341 (mail fraud – 2 counts)
26 U.S.C. § 7201 (tax evasion – 3 counts)
Notice of Forfeiture**

Filed in open court this ___29___ day,
Of ___June___ A.D. 20_23_

Clerk

Bail, $_____