IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | No. 22-cr-465 |
| v. | : | |
| | : | |
| JOHN FRANCES GRIFFIN | : | |
| | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                       **MAY 2, 2024**

      Defendant John Frances Griffin was indicted on seven counts of wire fraud, two counts of mail fraud, and three counts of tax evasion for his role in an alleged scheme in which he is charged with using purported business funds for personal expenses and failing to file tax returns. ECF No. 22. In advance of trial, the Government filed a motion to introduce evidence of Griffin's prior guilty plea for tax evasion pursuant to Federal Rule of Evidence 404(b). ECF No. 39. Specifically, the Government seeks to include Griffin's prior guilty plea to prove his intent, knowledge, and the absence of mistake or accident, in service of proving the element of willfulness as it pertains to Griffin's tax evasion charges. *Id.* In his response opposing the motion, Griffin argued that introducing that evidence would be unduly prejudicial and offered to propose a stipulation that would eliminate the need for proof on the willfulness element. *See* ECF No. 43. Griffin submitted a proposed stipulation (ECF No. 52), and the Government subsequently filed a response to the proposed stipulation (ECF No. 53). For the reasons stated below, the Government's motion to introduce the evidence will be **GRANTED**.

      **I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court writes for the benefit of the parties and will not recite the entire history of the case here. In brief, the indictment alleges Griffin was the founder of Second Story Farming, Inc., a company that developed and manufactured sustainable vertical farming technologies. ECF No. 22 ¶¶ 1-2. According to the indictment, Griffin signed agreements with two companies and was paid a total of $760,000 to build and service indoor vertical farms. *Id.* ¶¶ 5-12. However, Griffin only purchased a single HVAC unit worth $25,000, and did not spend any of the other funds on business expenses. *Id.* ¶ 14. Instead, he used those funds for his own personal and business expenses. *Id.* ¶ 21. Moreover, the indictment alleges that Griffin has not filed a tax return since calendar year 2013, despite the allegations that he received at least $126,000 in gross income from Second Story Farming in 2016, $210,000 in gross income from Second Story Farming in 2017, and $84,000 in gross income from Second Story Farming in 2018. *Id.* at 9-13.

Griffin previously pled guilty to two counts of tax evasion in a separate case on June 21, 2007. *United States v. John Frances Griffin*, No. 06-365, ECF No. 125 (N.D. Cal.). In the guilty plea, Griffin conceded that he earned over $1,198,700 in calendar years 2004 and 2005, but failed to file tax returns. *Id.*, ECF No. 112 at 3. Indeed, he had last filed personal federal income taxes in 1999. *Id.* at 2. He willfully failed to file any tax returns by extensively using cash and cashier's checks and paid for personal items with company funds. *Id.* at 3. Griffin's plea included a sentence of 30 months imprisonment. *Id.*, ECF No. 125 at 2.

In this case, the Government has filed a motion to admit evidence related to Griffin's prior conviction pursuant to Rule 404(b); specifically, the Government seeks to introduce Griffin's guilty plea, judgment, and related documents in that case. ECF No. 39. In opposing the motion, Griffin proposed filing a stipulation that would concede this element and eliminate the Government's need to prove it at trial. ECF No. 43. The Court ordered Griffin to submit a proposed

stipulation and confer with the Government on the proposed stipulation. ECF No. 51. If the parties could not agree on the proposed stipulation, the Court ordered the government to file a proposed stipulation. *Id.* Griffin submitted his proposed stipulation on April 19, 2024, which read:

> It is stipulated by and between counsel that John Frances Griffin knew he had a legal duty to pay taxes on taxable income, including any that he received from Second Story Farming, Inc., that he knew he had a legal duty to file tax returns if he owed taxes, and that his failure to pay taxes or file tax returns was not the result of a mistaken belief that he had no such legal obligation.

ECF No. 52. The Government opposed joining this stipulation, arguing that it was insufficient to eliminate the need to prove the element of willfulness at trial. ECF No. 53. The Court agrees and will grant the Government's motion.

## II. DISCUSSION

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but, unless inadmissible under another Rule, such evidence may be "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To satisfy Rule 404(b), evidence of other acts must "(1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy Rule 403 (*i.e.,* not be substantially more prejudicial than probative), and (4) be accompanied by a limiting instruction, when requested pursuant to Federal Rule of Evidence 105, that instructs the jury not to use the evidence for an improper purpose." *See United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002) (citing *United States v. Butch,* 256 F.3d 171, 175 (3d Cir. 2001)). In order to be probative of an issue other than character, there must be an articulable chain of inferences, "no link of which may be the inference that the defendant has the propensity to

commit the crime charged," connecting the evidence to a material fact. *Becker v. ARCO Chem. Co.,* 207 F.3d 176, 191 (3d Cir. 2000).

A "[d]efendant's past taxpaying record is admissible to prove willfulness circumstantially" in tax evasion cases. *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006). This rule is in place because "a taxpayer's non-compliance is indicative of an intent to evade the tax system." *United States v. Goldner*, No. 21-229, 2022 WL 1607546, at *2 (E.D. Pa. May 20, 2022) (citing *United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998)). Courts have admitted prior tax conduct in order to address defenses that the defendant was relying on the advice of a friend or professional, or otherwise was not willful or malicious in failing to file tax returns. *See e.g.*, *United States v. Andujar*, 209 F. App'x 162, 170 (3d Cir. 2006); *United States v. Johnson*, 893 F.2d 451, 453 (1st Cir. 1990). Griffin's prior guilty plea fits precisely into this category and is clearly relevant to the willfulness element of tax evasion. *See United States v. Ringwalt*, 213 F. Supp. 2d 499, 508-09 (E.D. Pa. 2002) (admitting Rule 404(b) evidence that "defendant's 1992 and 1993 corporate and personal income tax returns showed the existence in those prior years of the identical scheme and plan to evade income taxes that was used by defendant in 1994 and 1995, and willfulness, intent and absence of mistake by defendant for the charged years.").

Under Federal Rule of Evidence 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." "Evidence is *unfairly* prejudicial only if it clouds impartial scrutiny and reasoned evaluation of the facts." *Goldner*, 2022 WL 1607546, at *3 (citing *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009)). Here, Griffin's prior guilty plea "has high probative value of proving [his] willfulness." *Id.* Accordingly, there is little danger that the probative value of Griffin's prior guilty plea will be substantially outweighed by the risk of unfair prejudice. To further ensure that the jury is not

4

unduly prejudiced, the Court can issue a limiting instruction indicating that the evidence can be considered only for its intended purpose.

Defendant suggests that his prior guilty plea is too remote in time to be considered probative. However, Rule 404(b) "does not establish a maximum time interval between the prior conviction and the charged conduct as a determinant for admissibility of the prior conviction." *United States v. Cardona-Rosario*, 285 F. App'x 20, 23 (3d Cir. 2008). For example, in *Daraio*, the Court admitted Rule 404(b) evidence which included tax returns from as early as 21 years before the trial. 445 F.3d at 255-56. Nor does Defendant provide any substantive reason as to why a difference of some years would change his underlying knowledge of his duty to file taxes, and accordingly, his willfulness in failing to do so.

Defendant's proposed stipulation only addresses the narrow questions of whether Defendant "knew he had a legal duty to pay taxes on taxable income," and "file tax returns if he owed taxes." ECF No. 52, Ex. A. The stipulation does not touch on potential defenses to willfulness, such as reliance on a professional, or the mistaken belief that Defendant owed no taxes. Accordingly, the stipulation is insufficient to "completely eliminat[e] the government's need to prove the point it would otherwise try to establish using 404(b) evidence." *United States v. Jemal*, 26 F.3d 1267, 1274 (3d Cir. 1994).

### III. CONCLUSION

For the reasons stated above, the Government's Motion is **GRANTED.** An appropriate Order will follow.

BY THE COURT:


/s/ Chad F. Kenney

---

**CHAD F. KENNEY, JUDGE**